# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICCO TURNER, | ) | |
|     Plaintiff, | ) | C.A. No. 15-148 Erie |
| | ) | |
| v. | ) | **District Judge Rothstein** |
| | ) | **Magistrate Judge Baxter** |
| CLEVELAND, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendant's motion for summary judgment [ECF No. 31] be granted.

### II.    REPORT

#### A.    Relevant Procedural History

Plaintiff Ricco Turner, an inmate presently incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this *pro se* civil rights action on June 11, 2015, against Defendants Sergeant Cleveland ("Cleveland"), a corrections officer at SCI-Albion; John E. Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections; and Nancy A. Giroux ("Giroux"), Superintendent at SCI-Albion. In his *pro se* complaint, Plaintiff claims that Defendant Cleveland used excessive force against him in violation of his rights under the eighth amendment to the United States Constitution. In particular, Plaintiff alleges that on January 21, 2015, Defendant Cleveland punched him in the mouth for "no reason" after Plaintiff had allegedly been placed "in a standing submissive position with about 3 to 4 officers on each of

1

[his] arms while [he] was being placed in hand cuffs." (ECF No. 3, Complaint, at p. 4). As a result, Plaintiff alleges that he required six stitches on the inside of his mouth. (Id.). In addition, Plaintiff alleges that Defendants Wetzel and Giroux violated his Eighth Amendment and Fourteenth Amendment due process rights by allowing him to be placed in the Restricted Housing Unit for a period in excess of 30 days despite his mental health condition. (Id.).

On March 2, 2016, this Court issued a Report and Recommendation recommending that Defendants Wetzel and Giroux be dismissed from this case due to Plaintiff's failure to prosecute his claims against them because he failed to comply with this Court's Order to provide proper service instructions to the United States Marshal. [ECF No. 20]. By Order dated March 28, 2016, District Judge Barbara Rothstein adopted this Court's recommendation and dismissed Defendants Wetzel and Giroux from this case. [ECF No. 21]. Thus, the only claim remaining is Plaintiff's Eighth Amendment excessive use of force claim against Defendant Cleveland.

Defendant Cleveland filed an answer to Plaintiff's complaint on February 17, 2016, and the parties have since completed discovery. On February 9, 2017, Defendant Cleveland filed a motion for summary judgment, arguing that the record evidence does not support an Eighth Amendment violation. [ECF No. 31]. Despite being granted ample time to do so, Plaintiff has failed to file a response to Defendant's motion or to request an extension of time to file one. This matter is now ripe for consideration.

**B.     Relevant Factual History**[1]

On January 21, 2015, Plaintiff was stopped for a random pat search by a female corrections officer named Harrison ("Harrison"), but Plaintiff refused to participate in the search. (ECF No. 33, Defendant's Concise Statement of Undisputed Material Facts, at ¶¶ 1-2). Harrison then asked to see Plaintiff's ID card, but as Plaintiff was handing it to her the ID fell to the ground. (Id. at ¶ 3). Harrison ordered Plaintiff to pick up the ID card, but Plaintiff refused and became hostile toward her. (Id. at ¶ 4). Harrison instructed Plaintiff to return to his housing unit, but on the way to his unit Plaintiff became agitated and began screaming profanities at Harrison. (Id. at ¶¶ 5-6). Another officer attempted to calm Plaintiff down, but Plaintiff began to verbally assault him, at which point the officer radioed the control room and explained that there was an inmate who was refusing to lock up. (Id. at ¶¶ 7-8).

Meanwhile, Plaintiff's counselor attempted to calm him down by asking him to go to her office, which was located on the second tier of the facility. (Id. at ¶ 9). While Plaintiff was being escorted to the second tier by another officer, Plaintiff saw Harrison and began to verbally assault her again. (Id. at ¶ 10). As other staff members made their way to the second tier, Plaintiff refused all orders, including the instruction to turn around so that he could be placed in handcuffs. (Id. at ¶ 11). One officer attempted to handcuff Plaintiff, but Plaintiff managed to break free. (Id. at ¶ 12).

Defendant Cleveland then arrived on the second tier and observed Plaintiff struggling

---

[1] The factual history set forth herein has been gleaned from Defendant's Concise Statement of Undisputed Material Facts [ECF No. 33], which has been unopposed by Plaintiff, as well as other pertinent evidence of record.

3

with the other officers and noticed how close they were to the railing, so he placed his hand on Plaintiff's arm in an attempt to spin him away from the railing. (Id. at ¶¶ 13-14). Plaintiff responded by kicking Defendant Cleveland in the upper left thigh, near his groin. (Id. at ¶ 15). In response, Defendant Cleveland delivered a punch to Plaintiff's jaw to subdue him; however, Plaintiff continued to kick him, so Defendant Cleveland delivered a second punch to the left side of Plaintiff's face, at which point he was able to gain control of Plaintiff and restrain him without further incident. (Id. at ¶¶ 16, 19-20; ECF No. 34-2, Declaration of Defendant Cleveland, at ¶¶ 9-10). Plaintiff was then handcuffed and taken to the medical department, where he received five sutures for a one-half inch laceration to his interior top lip. (ECF No. 33, at ¶ 21; ECF No. 34-1, Incident Report, at p. 3).

### C. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

4

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment

motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

6

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

"In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000), quoting Whitley v. Albers, 475 U.S. 312, 321 (1986). The central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Moreover, "a showing of 'significant' or 'serious' injury is not necessary to make an Eighth Amendment claim." Brooks, 204 F.3d at 107, quoting Hudson, 503 U.S. at 8.

Here, Defendant Cleveland declares that the force he used was reasonable in light of the threat Plaintiff posed to the safety of others, and was used in a good-faith effort to restore discipline, which ultimately proved successful. (ECF No. 34-2, Declaration of Defendant Cleveland, at ¶¶ 10-12). This declaration is supported by the video evidence of record, which has been viewed by the Court. In particular, the pod video of the incident [ECF No. 7] affirms that Defendant Cleveland punched Plaintiff only after Plaintiff kicked him two to three times and refused to step back from the second tier railing. There is nothing in the record evidence to suggest that Defendant Cleveland's actions were maliciously and sadistically intended to cause Plaintiff harm. Thus, summary judgment should be entered in favor of Defendant Cleveland and against Plaintiff on Plaintiff's sole remaining claim of excessive use of force.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion for summary judgment [ECF No. 31] be granted, and that summary judgment be entered in favor of Defendant Cleveland and against Plaintiff on Plaintiff's sole remaining claim of excessive use of force.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                      /a/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                      United States Magistrate Judge

Dated:  April 10, 2017

cc:      The Honorable Barbara Rothstein
          United States District Judge